[Crim. No. 1142.  In Bank.—February 4, 1904.]

## Ex Parte GEORGE RILEY, on Habeas Corpus.

CRIMINAL LAW—CONVICTION UNDER COUNTY ORDINANCE—ALTERNATIVE SENTENCE—PART SATISFACTION—HABEAS CORPUS.—An alternative sentence under a conviction for violation of a county ordinance, that the defendant pay a fine of thirty dollars, or serve fifteen days in the county jail, is not void because it does not in terms provide for satisfaction by payment of so much of the fine as is not satisfied by imprisonment at the rate of two dollars per day, and the defendant is not entitled to a discharge upon *habeas corpus* on that ground. The sentence has the effect to allow of such payment; and the defendant may be discharged when he has made it.

PETITION in the Supreme Court for Writ of Habeas Corpus to W. J. Nesbitt, Sheriff of Monterey County.

The facts are stated in the opinion of the court.

Renison & Felins, for Petitioner.

THE COURT.—Petition for a writ of *habeas corpus.* Petitioner was convicted of violating a county ordinance and sentenced to pay a fine of thirty dollars, or to serve fifteen days in the county jail. He contends that the judgment is void because it does not admit of satisfaction by payment of so much of the fine as is not satisfied by imprisonment at the rate of two dollars a day. It does not, in terms, provide that it may be so satisfied, but we think that is its effect. Whenever it is made to appear that petitioner has paid so much of his fine as remains unsatisfied by imprisonment at two dollars a day he will be entitled to his discharge.

Petition denied.